Filed 12/5/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G064577 |
| v. | (Super. Ct. No. 94WF2516) |
| TRAVIS SCOTT FREDERICKSON, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed.

Todd Spitzer, District Attorney, and Brendan Sullivan, Deputy District Attorney, for Plaintiff and Appellant.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Respondent.

The Orange County District Attorney appeals after the trial court vacated first-degree murder convictions and imposed judgment on lesser offenses of second-degree murder. (Pen. Code, § 1172.1.)[1] The district attorney contends vacating the convictions, on which the jury found true a special circumstance, violated a statute prohibiting judges from "strik[ing] or dismiss[ing] any special circumstance." (§ 1385.1.) We harmonize the statutes and hold that vacating the underlying convictions did not "strike or dismiss" the special circumstance. We affirm.

FACTS

A jury convicted Travis Scott Frederickson in 1998 of two counts of first degree murder and found he personally used a firearm. (§ 187; former § 12022.5, subd. (a).) The jury also found true a special circumstance of multiple murder. (§ 190.2, subd. (a)(3).) The trial court (Judge Richard L. Weatherspoon) sentenced Frederickson to life without the possibility of parole. (§ 190.2, subd. (a).)

Frederickson invited the trial court in 2024 to recall his sentence and resentence him based on a change in the law allowing courts to strike firearm enhancements. (§ 1172.1; compare former § 12022.53, subd. (h) ["court shall not strike [enhancement] allegation"] with § 12022.53, subd. (h) ["court may . . . strike or dismiss an enhancement"].) The district attorney agreed the change would generally allow the court to vacate the true finding on the firearm enhancement and resentence Frederickson. The district attorney, however, continued: "But the court still does not, respectfully, does not have discretion under 1385.1 to do anything. And the People's legal

---

[1] All statutory references are to this code.

argument is the court doesn't have any discretion to do anything that would in effect strike or dismiss the special circumstance allegation."

The court (Judge Lewis W. Clapp) resentenced, explaining: "My obligation was to follow the law. And I do that the best I can with the limited intellectual gifts I have been given. [¶] And from what I can tell in reading these cases, 1172.1 permits the court to reduce a first degree murder to a second degree murder . . . . That's just what the law is." The court added: "These are the hardest cases this court has. Because the gravity of the offense and the offenses is so severe. But this court continues to believe that a man can turn himself around. And just try to better himself and better those around him. [¶] Which is apparently what [Frederickson] is trying to do is to improve a lot of the people around him also. And the court believes that he can continue to do good works and help those around him."

The court acknowledged section 1385.1: "And so the court believes that, clearly, this court cannot strike or dismiss a special . . . . Nor can I use 654 to stay punishment."

The district attorney asked for clarification: "For purposes of the appeal, . . . the court is not striking or dismissing 190.2(a)(3), which is the special circumstance allegations for both Count 1 [and] 2. The court is not staying those allegations. The court is making no finding as to those allegations. [¶] Correct?" The court responded: "[T]hat's correct. What the court is doing is reducing the first degree murder, murders, to second degree murders. [¶] And since that special attaches only to the first degree murders, once those murders are reduced the special circumstances also are no longer -- are no longer in play. If I could put it that way. [¶] Thank you for that. That is what the court is doing."

The court vacated its prior judgment and entered a new judgment of conviction for two counts of second degree murder with firearm enhancements. The court sentenced Frederickson to serve two concurrent terms of 25 years—comprised of 15-year indeterminate sentences plus 10 years for the enhancements.[2]

DISCUSSION

This case requires us to harmonize two statutes. "'"[A] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistences in them, and construe them to give force and effect to all of their provisions."'" (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC et al.* (2015) 61 Cal.4th 830, 838 (*Even Zohar*).)

First is section 1172.1. It provides: a "court may, on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1172.1, subd. (a)(1).) It further provides that "[t]he resentencing court may, in the interest of justice [¶] . . . [¶] [v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense . . . and then resentence the defendant to a reduced term of imprisonment." (§ 1172.1, subd. (a)(3)(B).)

Second is section 1385.1. It provides: "Notwithstanding . . . any other provision of law, a judge shall not strike or dismiss any special

---

[2] Because the court resentenced Frederickson pursuant to section 1172.1, it did not decide his pending petition for resentencing based on changes to the felony-murder rule and now-invalid doctrine of natural and probable consequences murder. (See § 1172.6.)

4

circumstance which is . . . found by a jury . . . as provided in Sections 190.1 to 190.5." (§ 1385.1.) It is an initiative statute enacted in 1990 by "voters through Proposition 115, also known as the Crime Victims Justice Reform Act." (*People v. Garcia* (2022) 83 Cal.App.5th 240, 257 (*Garcia*).)

The district attorney contends the trial court's ruling is "an end-run around . . . section 1385.1" because it "effectively str[uck] the [jury's] special circumstance findings," violating the section's "absolute prohibition . . . that no special circumstance may be stricken or otherwise dismissed."

Frederickson contends section 1172.1's authorization to "vacate [an] original conviction . . . to impose judgment on a lesser offense" does not amount to "'striking' or 'dismissing' [an] attendant special circumstance[]" because the statute addresses only the conviction. He asserts "the only judgment of conviction in play is the judgment the court imposes *after* vacating the original conviction and, when the new judgment is a lesser offense to which the special circumstance does not or cannot apply as a matter of law, then the special circumstance is simply no longer operative."

The statutes are best harmonized by understanding section 1385.1 to limit the power of "a judge" to divorce a special circumstance from its underlying conviction—a judge cannot "strike or dismiss" a special circumstance. Nor can a judge, as the trial court recognized, stay punishment on the special circumstance. (*Garcia, supra*, 83 Cal.App.5th at pp. 256–258.)

But section 1385.1 does not purport to address what can happen to the underlying conviction. Notwithstanding the statute, convictions can be vacated by a variety of well-established procedures—e.g., a motion to vacate (§ 1473.7 et seq.); a new trial motion (§ 1181); a reversal on appeal (*People v. Massie* (1985) 40 Cal.3d 620, 625); ameliorative legislation (§ 1172.6); and petitions for writs of habeas corpus (§ 1473 et seq.).

If the underlying conviction falls through one of these permissible procedures, then the special circumstance falls by operation of law, not by any action of the "judge." (§1385.1.) As the trial court correctly found, the special circumstance is not "in play." There simply is no longer any underlying conviction to which the special circumstance may attach.

Here, the district attorney does not dispute the basic predicates for resentencing. He concedes the change in the firearm enhancement sentencing law triggered section 1172.1. He does not dispute a factual basis existed for the court to find it in "the interest of justice" to resentence Frederickson. (§ 1172.1, subd. (a)(3)(B).) The court was thus authorized to "recall [Frederickson's] sentence . . . and resentence . . . as if [he] had not previously been sentenced." (*Id.* at subd. (a)(1); see *People v. Cepeda* (2021) 70 Cal.App.5th 456, 466 ["resentencing under current law" valid after recall pursuant to predecessor of § 1172.1].)[3]

We reject the district attorney's claim that section 1172.1, as we construe it, effectuates an improper amendment of section 1385.1. To be sure, "[t]he Legislature may amend . . . an initiative statute" only if (1) the subsequent legislation is "approved by the electors" or (2) "the initiative statute permits amendment . . . without [their] approval." (Cal. Const., art. II, § 10, subd. (c).) Neither condition applies here.

---

[3] Given that vacating Frederickson's convictions was permissible, we reject the district attorney's contention that the court's new judgment "violated the mandate of Penal Code section 190.2, subdivision (a), which specifies only two penalties when a person is found guilty of first degree murder with special circumstance: death or life imprisonment without the possibility of parole."

But "'legislation that concerns the same subject matter as an initiative' is not necessarily an amendment." (*People v. Cruz* (2020) 46 Cal.App.5th 740, 750; accord, *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 856.) Section 1172.1 does not amend section 1385.1 because the authorization to vacate convictions does not change the penalty required by section 1385.1 for special-circumstance murder. (See *Cruz*, at p. 755 ["statutory amendments" to murder elements do not "change[] the penalty" of initiative amendments].)

Nor do we amend section 1385.1. We simply carry out our duty to ""harmonize statutes, reconcile seeming inconsistences in them, and construe them to give force and effect to all of their provisions."" (*Even Zohar, supra*, 61 Cal.4th at p. 838.) Section 1385.1 addresses only a judge's efforts to divorce a special circumstance from a standing conviction. It simply does not restrict any of the permissible ways for vacating the underlying conviction.

## DISPOSITION

The judgment is affirmed.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.